# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-427V
Filed: August 6, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ROSE M. PORGES, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| | * | Chronic Inflammatory |
| v. | * | Demyelinating Polyneuropathy |
| | * | ("CIDP"); Tetanus-diphtheria- |
| SECRETARY OF HEALTH | * | acellular pertussis ("Tdap") |
| AND HUMAN SERVICES, | * | Vaccine |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Nancy Meyers, Esq.*, Turning Point Litigation, Greensboro, NC, for petitioner.
*Claudia Gangi, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On April 28, 2015, Rose Porges ["Ms. Porges" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed chronic inflammatory demyelinating polyneuropathy ("CIDP") after receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on May 1, 2012. Stipulation, filed Aug. 6, 2020, at ¶¶ 1-4. Respondent denies that the aforementioned immunization caused petitioner's alleged CIDP, any other injury, or her current disabilities. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On August 6, 2020, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent agrees to issue the following payment:

> **A lump sum of $165,000.00 in the form of a check payable to petitioner, Rose Porges.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

2